## Commonwealth v. Patler.

*Grand jury—Imposition of costs—Relief from payment of costs—Power of court.*

1. Before the court can set aside the imposition of costs by the grand jury, if at all, it must be supplied with the evidence submitted to the grand jury.

2. The presumption is that the grand jury, which had full information, was justified in its action relative to costs.

Rule to show cause why prosecutor should not be relieved from payment of costs imposed by grand jury. Q. S. Dauphin Co., June Sess., 1921, No. 59.

*James G. Hatz*, for rule; *Philip S. Moyer*, District Attorney, contra.

Fox, J., Jan. 25, 1922.—Upon petition, a rule was granted "upon the County of Dauphin to show cause why the said petitioner, the prosecutor in the above stated case, should not be relieved from the payment of the costs as above set forth" (to wit, in the petition), to which an answer was filed by the district attorney.

We think there is no merit in the petition. The indictment charged the defendant with larceny of a key; the grand jury heard the witnesses, four in number, ignored the bill and placed the costs upon the prosecutor, Howard R. Kleinfelter. This is a power reposed in the grand jury under the Act of May 25, 1897, P. L. 89.

The power of setting aside the decision of the grand jury should not be exercised by the court without full knowledge of all of the evidence submitted to the grand jury. We are unable, without this knowledge, to pass upon the merit of the conclusion and finding of the grand jury. It heard all of the witnesses—four in number. We do not know what testimony these witnesses gave to the grand jury. It is to be presumed that the evidence submitted to and heard by it was fully and carefully considered, and that it acted correctly. We have nothing before us except the petition of the prosecutor, which sets forth alleged facts, but does not state what evidence was submitted to the grand jury, and before the court can correct an error made by the grand jury, if at all, it must be supplied with the evidence submitted to the grand jury.

If we were to make this rule absolute, it would amount to a declaration that the court, which has not heard the evidence, is better able to determine what disposition should be made of the costs than the grand jury, which did hear the evidence. The presumption is that the grand jury, which had the full information, was justified in its action.

For these reasons, we think it would be unfair and improper for the court to interfere with the finding and return of the grand jury, and we discharge the rule, at the cost of the petitioner.

**From George R. Barnett, Harrisburg, Pa.**